**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AJZN, INC., a California corporation, | Case No.: 12-CV-03348-LHK |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO TRANSFER |
| v. | |
| DONALD YU et al., | |
| Defendants. | |

Plaintiff AJZN, Inc. ("AJZN") filed this action on July 3, 2012. ECF No. 1. Now before the Court is a motion to dismiss or transfer filed by Defendants Donald Yu ("Yu"), Aerielle, LLC, Great American Life Insurance Company ("Great American"), Aerielle Technologies, Inc. ("ATI"), Aerielle Acquisitions Corporation ("AAC"), and Aerielle IP Holdings, LLC ("Aerielle IP Holdings") (collectively, "Defendants"). Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for disposition without oral argument. Accordingly, the hearing on Defendants' motion to dismiss or transfer set for January 10, 2013 is hereby VACATED. The case management conference set for that date is also VACATED. For the reasons stated below, the Court DENIES Defendants' motion to dismiss, and GRANTS Defendants' motion to transfer this action to the United States District Court for the District of Delaware.

I. **BACKGROUND**

Plaintiff AJZN is a California Corporation. AJZN was founded in 2004 by Arthur Cohen, an inventor who owned a portfolio of intellectual property including patents, trademarks, and copyrights. Compl. at ¶ 12. AJZN had a wholly-owned subsidiary, ATI, and in 2007, AJZN assigned its intellectual property to ATI. *Id.* In September, 2007, AJZN secured financing from Great American. *Id.* at ¶ 13. In February, 2009, Yu was appointed CEO of AJZN. *Id.* at ¶ 14.

In April, 2009, AJZN sold substantially all of its assets to Aerielle, LLC in exchange for a warrant, which gave AJZN the option to acquire a stake in Aerielle, LLC. *Id.* at ¶ 16. In this same transaction, Aerielle, LLC assumed AJZN's debt. *Id.* This transaction was accomplished by means of two separate agreements: an Asset Purchase Agreement and a Warrant Agreement. *See* Decl. in support of motion to dismiss or transfer, ECF No. 11, at Exhs. A, B. Both Agreements contain forum selection clauses indicating that lawsuits must be filed in the state or federal courts of Delaware. Both agreements also contain jury trial waivers.

The present lawsuit alleges eight causes of action under federal law and California law concerning alleged misrepresentations in the Warrant Agreement and various conduct by Defendants in connection therewith. Defendants move to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer the case to the District of Delaware pursuant to 28 U.S.C. § 1404, on the basis of the forum selection clauses contained in the two agreements. ECF No. 12. AJZN filed an opposition, ECF No. 22 ("Opp'n"), and Defendants filed a reply, ECF No. 24 ("Reply").

**II.     LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Generally, courts look to the venue provisions of 28 U.S.C. § 1391 to determine whether venue is proper. However, even if venue would otherwise be proper under 28 U.S.C. § 1391, a defendant may move to dismiss under Rule 12(b)(3) on the basis of a forum selection clause. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. *Id.* Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper.

2

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

### III. DISCUSSION

There is no dispute that both the Asset Purchase Agreement and the Warrant Agreement contain forum selection clauses indicating that suits should be brought in the state and federal courts of Delaware. Specifically, the Asset Purchase Agreement states that: "The parties agree that all actions or proceedings relating to this Agreement (whether to enforce a right or obligation or obtain a remedy or otherwise) will be brought solely in the state or federal courts located in or for Wilmington, Delaware." Decl. in support of motion to dismiss or transfer, Exh. A at 34. Similarly, the Warrant Agreement specifies that "the Company and the Holder agree that any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Warrant or the transactions contemplated hereby shall be brought in the United States District Court for the District of Delaware or any Delaware state court sitting in Wilmington, Delaware." *Id.* Exh. B at 5.

Instead, Plaintiff argues that (1) the claims in this suit are not covered by these forum selection clauses, and (2) the forum selection clauses should not be enforced.

### A. Coverage

Defendants argue that all of AJZN's claims are "based on any matter arising out of or in connection with" the Warrant Agreement, and are therefore covered by the Warrant Agreement's forum selection clause. AJZN's primary argument in opposing Defendants' motion is that "Plaintiff is not seeking performance or to enforce remedies under either agreement." Opp'n at 7. This argument ignores the breadth of the forum selection clauses. The clauses do not require that claims seek to enforce the agreements, or seek remedies under the agreements. The clauses require only that claims relate to, or are based on matter in connection with, the agreements.

3

AJZN does not make a serious attempt to argue that each of its claims is not "based on any matter arising out of or in connection with" the Warrant Agreement. Indeed, an examination of the Complaint reveals that all eight causes of action arise in connection with the Warrant Agreement, and are thus governed by the forum selection clause.

The first cause of action, for violation of the Securities Exchange Act of 1934, alleges that Defendants "did not intend to allow Plaintiff to exercise its rights under the Warrant and that the Warrant was therefore worthless to Plaintiff." Compl. at ¶ 28. The Warrant was created by, and exists on the terms of, the Warrant Agreement. Thus, this claim is brought "in connection with" the Warrant Agreement.

The second cause of action, for violation of California Corporations Code §§ 25401 and 25501, claims that Defendants' acts "alleged in the sale of the Warrant to Plaintiff" violated California law. Compl. at ¶ 34. Again, this claim explicitly arises in connection with the Warrant Agreement. Similarly, the third cause of action, for promissory fraud, alleges that Defendants "entered into the Warrant, which is an option contract, with the intention not to perform its obligations thereunder." *Id.* at ¶ 41. There is no reasonable argument that such a claim is not in connection with the Warrant Agreement.

Like the first cause of action, the fourth cause of action, for fraud in the inducement, concerns a claim that the Warrant did not have the value AJZN believed it had.[1] Because this claim concerns the Warrant, which exists only as defined in the Warrant Agreement, the claim is in connection with the Warrant Agreement. *Id.* at ¶ 44.

The fifth cause of action, for breach of fiduciary duty, alleges that Yu and Great American breached a fiduciary duty to Plaintiff by engaging in "the acts and omissions. . . as alleged above." Compl. at ¶ 56. The acts and omissions described in the Complaint all concern the Warrant Agreement. There are no other acts independent of the Warrant Agreement described or alleged. Moreover, in this cause of action, AJZN specifies that the relevant time period was "at the time

---

[1] Significantly, the agreement AJZN seeks to rescind with this claim is not the Warrant Agreement itself, but rather a separate Release Agreement. Thus, there is no contention that AJZN was fraudulently induced to enter into the forum selection clause.

4
Case No.: 12-CV-03348-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO TRANSFER

Plaintiff purchased the Warrant." *Id.* at ¶ 55. This statement confirms that the actions in question in this claim are in connection with the Warrant Agreement.

The sixth cause of action, for fraudulent transfer, is not an independent claim, but rather a request to avoid a particular transfer in collecting any judgment AJZN procures against Defendants on the causes of action asserted in this suit. Similarly, the eighth cause of action, for successor liability, seeks only to assert any judgment against additional defendants. These claims thus cannot stand alone to support venue in this Court. In any event, since they concern collecting on a potential judgment arising from the other claims in this Complaint, which are about the Warrant Agreement, these causes of action, too, are covered by the forum selection clause.

Like the fifth cause of action, the seventh cause of action, for violation of California Business & Professions Code § 17200, refers to "the actions of Defendants as alleged herein" and "the unlawful, unfair or fraudulent business practices of Defendants alleged herein." Compl. at ¶¶ 68, 70. As explained above, the actions of Defendants alleged in the Complaint concern the Warrant agreement; the Complaint does not identify actions or business practices of the Defendants that are not related to the Warrant Agreement. Accordingly, this cause of action, too, is covered by the forum selection clause. In sum, all eight causes of action are "in connection with" the Warrant Agreement, and are thus subject to its forum selection clause requiring the action to be brought in Delaware.

**B. Enforceability**

AJZN argues that even if the forum selection clauses do apply to these claims, the Court should find them unenforceable. Courts generally enforce forum selection clauses unless "enforcement would be unreasonable or unjust, or the clause [is] invalid for such reasons as fraud or overreaching." *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). Courts in the Ninth Circuit set aside a forum selection clause only if:

> (1) Its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

5

Case No.: 12-CV-03348-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO TRANSFER

*Argueta*, 87 F.3d at 325 (internal citations and quotation marks omitted). The party seeking to set aside the clause bears the burden of establishing that this test is satisfied. *See id.*[2]

Plaintiff's only argument that the forum selection clause should not be enforced is that enforcing the clause would be against California public policy. *See* Opp'n at 14-21. Specifically, Plaintiff argues that: (1) California has a strong public policy of preventing fraud, embodied in California corporate securities law; and (2) that California does not allow a predispute jury trial waiver, and if this suit is heard in Delaware, the waiver that appears in the Agreements might be enforced, undercutting California's policy. Neither of these arguments establishes that enforcing the forum selection clause here would contravene a strong California public policy.

Regarding California's policy of preventing fraud in corporate securities transactions, AJZN has not presented any reason why a Delaware federal court could not protect AJZN's interests as well as a California court could. AJZN has cited one thirty-year-old California court of appeal case finding it against public policy to enforce a forum selection clause where parties argued against the application of California law by the Nevada forum in which the suit would otherwise be heard. *See Hall v. Superior Court*, 150 Cal. App. 3d 411 (1983). That case does not determine the result here for several reasons. First, the parties agree that federal law, not California law, controls the question of enforceability of this forum selection clause. *See* Opp'n at 18; Reply at 8-9. Thus, California law on the applicability of a forum selection clause does not determine the result here. Second, under Ninth Circuit law, it is AJZN's burden to establish that public policy requires the Court to set aside the forum selection clause. But AJZN has not even argued, let alone proven, that a Delaware court will be unable to protect the interests of California citizens. For instance, a Delaware court might apply California law to AJZN's claims, and unlike in *Hall*, no party here has argued against such an outcome. A Delaware court might also apply some other law that would be equally protective of the interests of California citizens. Thus, AJZN has not met its

---

[2] Plaintiff has also argued that transfer is not warranted under 28 U.S.C. § 1404(a). Defendants' motion, however, is not brought as a motion to transfer pursuant to that section, but rather as a motion to dismiss for improper venue pursuant to Rule 12(b)(3). Accordingly, the standards for enforcement of a forum selection clause in the 12(b)(3) context, and not the § 1404(a) standards, control here.

Case No.: 12-CV-03348-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO TRANSFER

burden to show that enforcing the forum selection clause here would contravene a strong California public policy.

Regarding the jury trial waiver, AJZN has explained that California does not enforce presuit jury trial waivers, and has argued that "there is a risk that Delaware courts would enforce" the jury trial waiver in the Warrant Agreement, which would be in contravention of California's strong public policy. Opp'n at 17. AJZN, however, has cited no case in which a federal court, or even a California court, has declined to enforce a forum selection clause on this basis. Nor has AJZN suggested that a Delaware court would be *likely* to enforce the jury trial waiver. A mere unspecified "risk" that a court could, in theory, enforce the waiver, without any citation to authority suggesting that this is a likely outcome, cannot carry AJZN's heavy burden to establish that "enforcement of the clause *would* contravene a strong public policy" of California. *Argueta*, 87 F.3d at 325 (emphasis added). Thus, AJZN has not established that enforcing the forum selection clause would contravene a strong California public policy against jury trial waivers.

AJZN has not argued that the forum selection clause in the Warrant Agreement was the result of fraud or would entirely deprive AJZN of its day in court. Accordingly, AJZN has not established that forum selection clause is unenforceable here. Because all of AJZN's claims are covered by a forum selection clause requiring the action to be brought in Delaware, venue is not proper in this district.

**C. Dismiss or Transfer**

Having found that venue in this Court is improper due to the forum selection clause, the Court has two options: (1) dismiss the action; or (2) transfer venue to the District of Delaware, if it is in the interests of justice to do so. *See* 28 U.S.C. § 1406(a). Though Defendants have expressed a preference for dismissal, they have not argued that transfer would be inappropriate. *See* Reply at 15. It seems likely that AJZN will simply refile its claims in Delaware if they are dismissed, an outcome which will waste time and resources. Courts in this district have found the extra expense and delay required if a case is dismissed only to be refiled in another district sufficient to justify transfer over dismissal. *See, e.g.*, *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855 (N.D. Cal. 2010); *Citizens for a Better Env't-California v. Union Oil Co. of California*, 861

7

F. Supp. 889, 898 (N.D. Cal. 1994) *aff'd*, 83 F.3d 1111 (9th Cir. 1996).  Accordingly, this Court, in its discretion, finds that transfer, rather than dismissal, is appropriate here.  The Court hereby ORDERS that this case be TRANSFERRED from this Court to the United States District Court for the District of Delaware.

**IT IS SO ORDERED.**

Dated: January 7, 2013

_____
LUCY H. KOH
United States District Judge