## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AJZN, INC. a California corporation, | : | |
| formerly known as AERIELLE, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:13-cv-00149-GMS |
| | : | |
| DONALD YU, an individual, AERIELLE, | : | JURY TRIAL DEMANDED |
| LLC, a Delaware limited liability company, | : | |
| GREAT AMERICAN LIFE INSURANCE | : | |
| COMPANY, an Ohio corporation, | : | |
| AERIELLE TECHNOLOGIES, INC., a | : | |
| California corporation, AERIELLE IP | : | |
| HOLDINGS, LLC, an Ohio limited liability | : | |
| company, and AERIELLE ACQUISITIONS | : | |
| CORPORATION, a Delaware corporation, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

ECKERT SEAMANS CHERIN & MELLOTT, LLC
Kevin F. Brady, Esquire (Bar No. 2248)
Jill Agro (Bar No.4629)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
kbrady@eckertseamans.com
jagro@eckertseamans.com
302-574-7412 (Phone)
302-425-0432 (Fax)
*Attorneys for Defendants*

OF COUNSEL:
Jamie M. Ramsey, Esquire
Benjamin G. Stewart, Esquire
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH  45202
Telephone:  (513) 579-6400
Facsimile:  (513) 579-6457
jramsey@kmklaw.com
bgstewart@kmklaw.com

Dated: April 15, 2013

# TABLE OF CONTENTS

I. Introduction ................................................................................................................ 1

II. Nature and State of the Proceedings ....................................................................... 2

III. Summary of the Argument ...................................................................................... 2

IV. Statement of Facts ................................................................................................... 5

V. Argument ................................................................................................................. 7

    A. Legal Standard ................................................................................................ 7

    B. Plaintiff Fails to State a Claim for Breach of Warrant ................................... 8

    C. Plaintiff Fails to State Any Claims for Fraud ............................................... 10

        1. Plaintiff's Fraud Claims Do Not Comply With Rule 9(b) or Rule 12(b)(6) .......................................................................................... 11

        2. Plaintiff's Securities Fraud Claims Do Not Comply With the Pleading Standard Contained in the Private Securities Litigation Reform Act ....... 13

    D. Plaintiff Fails to State a Claim for Breach of Fiduciary Duty ....................... 14

    E. Plaintiff Fails to State a Claim for Tortious Interference .............................. 16

    F. Plaintiff Fails to State Claims for Civil Conspiracy, Fraudulent Transfer, Successor Liability or Unjust Enrichment ..................................................... 17

VI. Conclusion ............................................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

*Aspen Advisors v. United Artists Theatre*,
861 A. 2d 1251 (Del. 2004) ................................................................. 3, 8, 12, 15

*BAE Sys. N. Am. Inc. v. Lockheed Martin Corp.*,
2004 Del. Ch. LEXIS 119 (Del. Ch. Aug. 3, 2004) ................................. 13

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................. 7

*Comrie v. Enterasys Networks, Inc.*,
837 A.2d 1 (Del. Ch. 2003) ..................................................................... 8

*Cordis Corp. v. Boston Sci. Corp.*,
868 F. Supp. 2d 342 (D. Del. 2012) ......................................................... 8

*Corporate Prop. Assocs. 14 Inc. v. CHR Holding Corp.*,
2008 Del. Ch. LEXIS 45 (Del. Ch. Apr. 10, 2009) ............................ 4, 15

*Edge of the Woods v. Wilmington Savings Fund Soc'y*,
2001 Del. Super. LEXIS 304 (Del. Sup. Aug. 16, 2001) ....................... 15

*Feldman v. Cutaia*,
2006 Del. Ch. LEXIS 70 (Del. Ch. Apr. 5, 2006) ................................. 15

*Frazier v. Am. Airlines, Inc.*,
2004 U.S. Dist. LEXIS 614 (D. Del. Sept. 30, 2004) ............................ 12

*Helvering v. S.W. Consol. Corp.*,
315 U.S. 194 (1942) .................................................................................. 3

*Institutional Investors Grp. v. Avaya, Inc.*,
564 F. 3d 242 (3d Cir. 2003) .................................................................. 13

*IOTEX Comms., Inc. v. Defries*,
1998 Del. Ch. LEXIS 236 (Del. Ch. Dec. 21, 1998) ............................... 3

*James Cable, LLC v. Millennium Digital Media Sys., L.L.C.*,
2009 Del. Ch. LEXIS 102 (Del. Ch. June 11, 2009)) ............................... 4

*Lum v. Bank of America*,
361 F. 3d 217 (3d Cir. 2004) ............................................................. 8, 11

*Microstrategy Inc. v. Acacia Research Corp.*,
2010 Del. Ch. LEXIS 254 (Del. Ch. Dec. 30, 2010) ............................. 12

*Munro v. Beazer Home Corp.*,
2011 Del. C.P. LEXIS 16 (Del. C.P. Jun. 23, 2011) ................................ 9

*Narrowstep, Inc. v. Onstream Media Corp.*,
2010 Del. Ch. LEXIS 250 (Del. Ch. Dec. 22, 2010) ............................. 13

*O'Brien v. DiGrazia*,
    544 F. 2d 543 (1st Cir. 1976) ................................................................................. 9

*Opus East, L.L.C. v. Opus, L.L.C.*,
    480 B.R. 561 (Bankr. D. Del. 2012) .................................................................. 15

*Pension Ben. Guar. Corp. v. White Consol. Ind.*,
    998 F. 2d 1192 (3d Cir. 1993) ............................................................................. 5

*Petra Mezzanine Fund, L.P. v. Willis*,
    2012 U.S. Dist. LEXIS 156529 (D. Del. Nov. 1, 2012) ...................................... 12

*Phoenix Canada Oil Co. v. Texaco, Inc.*,
    560 F. Supp. 1372 (D. Del. 1983) ....................................................................... 18

*R.E. Haight & Assocs. v. W.B. Venables & Sons, Inc.*,
    1996 Del. Super. LEXIS 445 (Del. Super. Oct. 30, 1996) ..................................... 8

*Red Mt. Holdings, Ltd. v. Stout P'ship*,
    2001 U.S. Dist. LEXIS 25562 (D. Del. Mar. 30, 2001) .................................. 3, 12

*Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*,
    616 A.2d 1192 (Del. 1992) .................................................................................... 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ............................................................................................ 13

*Templeton v. EmCare, Inc.*,
    868 F. Supp. 2d 333 (D. Del. 2012) ..................................................................... 9

*Travel Syndication Tech., LLC v. Fuzebox, LLC*,
    2012 U.S. Dist. LEXIS 73117 (D. Del. Mar. 25, 2012) ................................. 4, 16

**Statutes**

15 U.S.C. § 78 ........................................................................................................ 4, 13

California Civil Code §3294 ...................................................................................... 14

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 7

Fed. R. Civ. P. 9(b) ..................................................................................................... 7

## I.     __Introduction__

Defendants Donald Yu ("Yu"), Aerielle, LLC ("Aerielle, LLC"), Great American Life Insurance Company ("Great American"), Aerielle Technologies, Inc. ("Aerielle Technologies"), Aerielle Acquisitions Corporation ("Aerielle Acquisitions"), and Aerielle IP Holdings, LLC ("Aerielle IP Holdings") (collectively, the "Defendants") move to dismiss the Amended Complaint (D.I. 36) ("A.C." or "Amended Complaint") filed by Plaintiff AJZN, Inc. f/k/a Aerielle, Inc. ("AJZN" or "Plaintiff").

Defendants invested (and lost) millions of dollars in the form of a secured loan to Plaintiff, whose primary assets are intellectual property related to internet radio technology that was developed by its founder. (A.C. ¶12.) Not content to have received money that it was unable to repay, Plaintiff filed this lawsuit. The Amended Complaint primarily revolves around a Warrant pursuant to which Plaintiff could purchase shares in Aerielle, LLC, the entity that purchased Plaintiff's assets when they were foreclosed upon. (A.C. at Ex. A.) Plaintiff now claims that this was all part of a plot by the various Defendants to seize control of those assets, that Aerielle, LLC breached the Warrant because it never issued any shares to Plaintiff, and that Defendants defrauded the Plaintiff because when the Warrant was signed they secretly knew that Aerielle, LLC would never issue any shares. In addition to ignoring its agreement to file any lawsuit related to the Warrant in Delaware (*id.*, at Ex. A, ¶12), by initially filing this lawsuit in California (D.I. 1), Plaintiff's Amended Complaint suffers from many substantive flaws and should be dismissed. Most glaringly it:

- never asserts that Plaintiff properly adhered to the express terms of the now-expired Warrant regarding the documentation to be submitted and the manner of payment for exercise of the Warrant, such that Aerielle, LLC (the issuer of the Warrant) was ever contractually obligated to issue Plaintiff shares;

- contains securities fraud and other fraud claims against Defendants in addition to the issuer of the Warrant but never alleges that any of these other Defendants made any specific false statements that induced Plaintiff to purchase the Warrant;

- attempts to convert breach of contract claims into fraud claims simply by alleging that Defendants never intended to comply with the Warrant, even though Delaware law forbids such claims; and

- claims that Aerielle, LLC's CEO owed fiduciary duties to Plaintiff, even though Delaware courts have repeatedly held that officers do not owe fiduciary duties to warrantholders such as Plaintiff.

Plaintiff asserts multiple claims with many (at times, contradictory) allegations in a transparent attempt to obscure the fact that its claims are based on a Warrant that it never properly exercised, and which was therefore never breached, and on fraud claims that are not tethered to any specific misstatements. For all of these reasons, and the reasons stated below, the Amended Complaint should be dismissed.

## II.     Nature and State of the Proceedings

Plaintiff initially filed a Complaint in the United States District Court for the Northern District of California. (D.I. 1.) Defendants moved to dismiss or transfer, based on forum selection clauses in the two documents that Plaintiff signed and which form the basis of (or are related to) all of Plaintiff's claims. (D.I. 10.) After the court in California transferred the case to this Court (D.I. 27), Plaintiff filed the Amended Complaint (D.I. 36). Defendants now move to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b) ("Rule 9(b)") and 12(b)(6) ("Rule 12(b)(6)").

## III.    Summary of the Argument

The Amended Complaint should be dismissed for the following reasons.

First, Plaintiff's Third Cause of Action (for Breach of Warrant) (A.C. ¶¶41-46)[1] should be dismissed, because although Plaintiff alleges that Aerielle, LLC breached the Warrant by failing to issue shares, Plaintiff never asserts that it surrendered the Warrant and tendered payment and an executed subscription form—as is required by the express terms of the Warrant before shares can be issued. Plaintiff's rights as a warrantholder are based solely on contract. *Aspen Advisors v. United Artists Theatre*, 861 A. 2d 1251, 1263 (Del. 2004) (quoting *Helvering v. S.W. Consol. Corp.*, 315 U.S. 194, 200-01 (1942). Plaintiff's allegations confirm that it did not comply with the procedures that would have required Aerielle, LLC to tender any shares, and no breach of the Warrant occurred.

Second, Plaintiff's First Cause of Action (for violation of the Securities Exchange Act of 1934), Second Cause of Action (for violation of the California Corporate Code), Fourth Cause of Action (for promissory fraud), and Fifth Cause of Action (for rescission of a release based on fraud) should be dismissed. All of these claims are based on Plaintiff's allegation that three of the Defendants secretly knew that Aerielle, LLC, the issuer of the Warrant, would never deliver shares in exercise of the Warrant. However, the Amended Complaint does not attribute any specific alleged false statements to any of the other Defendants. Even if Plaintiff had properly alleged that the Warrant was breached, its only claim would be for breach of contract, and the Amended Complaint is an improper attempt to "bootstrap" a fraud claim onto a breach of contract claim by alleging that the Defendants secretly intended not to comply with a contract. *See*, *e.g.*, *Red Mt. Holdings, Ltd. v. Stout P'ship*, 2001 U.S. Dist. LEXIS 25562, at * 10-11 (D. Del. Mar. 30, 2001) (quoting *IOTEX Comms., Inc. v. Defries*, 1998 Del. Ch. LEXIS 236, at * 13 (Del. Ch. Dec. 21, 1998)). Plaintiff's securities fraud claims are also governed by the heightened

---

[1] Although this is the third cause of action stated in the Amended Complaint, it is addressed first in this motion because it is fundamental to the rest of Plaintiff's claims.

pleading standard of the Private Securities Litigation Reform Act (*see* 15 U.S.C. § 78u-4(b)(1)(A) and (B)), and Plaintiff has failed to comply with that exacting standard as well.

Third, Plaintiff's Sixth Cause of Action (for breach of fiduciary duty), which is asserted against Yu, should be dismissed. To the extent this claim refers to Yu's actions as CEO of Plaintiff, the claims are the subject of a release signed by Plaintiff. To the extent this claim refers to Yu's actions as CEO of Aerielle, LLC, the claim is deficient as a matter of law, because Yu did not owe fiduciary duties to warrantholders such as Plaintiff. *Corporate Prop. Assocs. 14 Inc. v. CHR Holding Corp.*, 2008 Del. Ch. LEXIS 45, at * 11-12 (Del. Ch. Apr. 10, 2009).

Fourth, Plaintiff's Eighth Cause of Action (for tortious interference) should be dismissed, because this claim is an improper attempt to pierce the corporate veil and assert claims against Great American as a result of an alleged contractual breach by its subsidiary and/or affiliates Aerielle, LLC and Aerielle Acquisition. The "affiliate privilege" protects Great American from this claim, because it "shields companies affiliated through common ownership from tortious interference with contract claims when the companies act in furtherance of their shared legitimate business interests." *Travel Syndication Tech., LLC v. Fuzebox, LLC*, 2012 U.S. Dist. LEXIS 73117, at * 15 (D. Del. Mar. 25, 2012) (quoting *James Cable, LLC v. Millennium Digital Media Sys.*, L.L.C., 2009 Del. Ch. LEXIS 102, at * 14 (Del. Ch. June 11, 2009)).

Fifth, Plaintiff's Seventh Cause of Action (civil conspiracy), Ninth Cause of Action (fraudulent transfer), Tenth Cause of Action (unjust enrichment), and Eleventh Cause of Action (successor liability) should be dismissed, because all of these claims require an underlying fraud, tort, or breach of contract claim, and for the reasons stated above the Amended Complaint fails to state any such claim.

## IV. <u>Statement of Facts</u>

Plaintiff owned various patents related to internet radio technology that were created by its founder, Arthur Cohen ("Cohen"). (A.C. ¶12.) Perhaps purposefully obscured by the morass of Plaintiff's allegations and rhetoric is the simple fact that defendant Great American invested millions of dollars in that intellectual property by loaning money to Plaintiff, in exchange for a security interest in substantially all of Plaintiff's assets—i.e., the intellectual property. (*Id.,* ¶13.) The business was not successful, Plaintiff could not repay the loan, and Defendants foreclosed on the assets. (*Id.*, ¶16.)

As the business was failing, and Great American's entire investment was in danger, it introduced defendant Yu to Plaintiff, and Yu was appointed as its CEO. (*Id.*, ¶14.) After Plaintiff failed to repay the loan to Great American, it entered into an Asset Purchase Agreement pursuant to which its assets were transferred to a newly created entity, defendant Aerielle, LLC, of which Yu was also named CEO. (*Id.*, ¶16.) In connection with and as a portion of consideration in that transaction, Plaintiff signed a Mutual Release and Settlement Agreement (*id.*, ¶17) (the "Release"), which Plaintiff seeks to rescind (*id.*, ¶¶56-62), but tellingly does not attach to the Amended Complaint. (A copy is included in the appendix to this motion at Exhibit 1.)[2] Plaintiff also received the Warrant, pursuant to which (a year or more after the transfer) Plaintiff could purchase 12,000 shares in Aerielle, LLC. (*Id.* at Ex. A at 1.) The express terms of the Warrant (which forms the basis for most of Plaintiff's claims) clearly and unambiguously set forth the instructions concerning how it is to be exercised:

> This Warrant may be exercised, in whole, but not in part … by surrendering it at the principal office of the Company, which is 190

---

[2] Because Plaintiff relies on the Release in its Amended Complaint, this Court can consider the full document without the motion being converted to one for Summary Judgment. *Pension Ben. Guar. Corp. v. White Consol. Ind.*, 998 F. 2d 1192, 1196 (3d Cir. 1993).

> S. Whitman Road, Bldg. B, Mountain View, CA 94041, Attention:
> Chief Executive Officer with the Subscription Form duly executed,
> together with payment… .

(*Id.* at Ex. A, ¶1.)  The Subscription Form consists of two sentences and is attached to the Warrant as Exhibit A.  (*Id.* at Ex. A at Ex. A.)

The gravamen of virtually all of Plaintiff's claims is that when Defendants signed the various documents related to the transfer of assets they secretly knew that Aerielle, LLC would not allow Plaintiff to exercise its rights under the Warrant.  (*Id.*, ¶18.)  Plaintiff does not, however, assert that it ever surrendered the Warrant or sent an executed Subscription Form with payment, as required to receive 12,000 shares in Aerielle, LLC.  Rather, Plaintiff alleges that Cohen orally told members of the Aerielle, LLC board that Plaintiff wanted to exercise those rights (*id.*, ¶ 20), and that he asked for copies of the "necessary paperwork" (*id.*, ¶21), but that Defendants never responded.  Plaintiff does not point to any language in the Warrant, or in any other document or any legal requirement, that obligated any of the Defendants to respond to such requests, nor does Plaintiff explain why Cohen failed to follow the express terms of the warrant by filling out the Subscription Form (which Plaintiff attaches to the Amended Complaint) and tendering the required payment.

As the intellectual property created by Cohen continued to hemorrhage money, Plaintiff alleges that Aerielle, LLC transferred substantially all of its assets to Aerielle Acquisitions in exchange for a "Revenue Participation Agreement" and other consideration.  (*Id.*, ¶25.)  Plaintiff claims that it received notice that under that agreement, in the event that the intellectual property became profitable, a certain percentage of the profits (up to a maximum of $1,500,000.00) would be distributed to Aerielle, LLC, and that Plaintiff then be entitled to a percentage of those distributions.  (*Id.*)  Plaintiff claims it had previously rejected a similar agreement (*id.*, ¶23), but does not state what standing it had to object to the agreement or to the transfer of assets, given

that Plaintiff never alleges that it was a member of Aerielle, LLC.  In a similar vein, Plaintiff

alleges that Defendant Yu violated fiduciary duties owed as CEO of Aerielle, LLC, but does not

explain on what grounds Plaintiff was owed fiduciary duties by the CEO of a limited liability

company in which it did not own equity securities.  (*Id.*, ¶19.)  And once Aerielle LLC sold

substantially all of its assets (as Plaintiff alleges occurred), Plaintiff could no longer exercise the

Warrant, and was therefore not even a potential future member or owner of equity securities.

(*Id.* at Ex. A, ¶2.)

Plaintiff continued to ignore the language of the Warrant even as it initiated this

litigation.  Despite unambiguous language in the Warrant stating that it "shall be governed by

and construed in accordance with the laws of Delaware" and that any action "arising out of or in

connection with" the Warrant would be brought in state or federal court in Delaware (*id.* at Ex.

A, ¶12), Plaintiff initiated this litigation in federal court in California. (D.I. 1)  And despite

unambiguous language in the Warrant stating that each party, including the Plaintiff,

"irrevocably waives any and all right to trial by jury in any legal proceeding arising out of or

related to [the] Warrant or the transactions contemplated thereby" (A.C. at Ex. A, ¶13), Plaintiff

continues to demand a jury trial in this case.  (*Id.* at 1)

## V.    Argument

### A.    Legal Standard

Rule 12(b)(6) mandates the dismissal of any claims that "fail to state a claim upon which

relief can be granted" contain "enough facts to state a claim for relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).

Plaintiff's fraud claims must be pleaded with particularity.  Fed. R. Civ. P. 9(b).  To

comply with that rule, the complaint must contain the "date, place or time" of the alleged fraud,

or use "alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud." *Lum v. Bank of America*, 361 F. 3d 217, 224 (3d Cir. 2004).

### B.     Plaintiff Fails to State a Claim for Breach of Warrant

Plaintiff asserts a claim for breach of Warrant against Aerielle, LLC. (A.C., ¶¶41-46.) The basis for this claim is that Aerielle, LLC did not tender 12,000 units to Plaintiff pursuant to the Warrant. (*Id.*) However, Plaintiff does not allege that it ever properly exercised the Warrant, executed a subscription form, or tendered payment, all of which are conditions precedent to any obligation of Aerielle, LLC to issue shares, and for this reason this claim should be dismissed.

The parties agreed that the Warrant would be "governed and construed in accordance with the law of the State of Delaware." (A.C. at Ex. A, ¶12.) The Warrant should be interpreted like any contract, because under Delaware law a party's rights under a Warrant "are wholly contractual" and the "exclusive rights and remedies of warrantholders must appear in the contractual provisions of the Warrants." *Aspen Advisors*, 861 A. 2d at 1263. Interpretation of a contract is a question of law to be resolved by the court. *Cordis Corp. v. Boston Sci. Corp.*, 868 F. Supp. 2d 342, 351 (D. Del. 2012) (citing *Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.,* 616 A.2d 1192, 1195 (Del. 1992)). The court should "attempt to fulfill, to the extent possible, the reasonable shared expectations of the parties at the time they contracted." *Cordis Corp.*, 868 F. Supp. 2d at 351 (citing *Comrie v. Enterasys Networks, Inc.*, 837 A.2d 1, 13 (Del. Ch. 2003)). When the language of a contract is unambiguous, a court need not consider the subjective intent of the parties; rather, a contract's "construction should be that which would be understood by an objective reasonable third party." *Cordis Corp.*, 868 F. Supp. 2d at 351 (citing *R.E. Haight & Assocs. v. W.B. Venables & Sons*, Inc., 1996 Del. Super. LEXIS 445 (Del. Super. Oct. 30, 1996)).

Here, the Warrant is unambiguous. Under its express terms, the only way it can be exercised is to "surrender it at the principle office" of Aerielle, LLC along with a duly-executed subscription form and payment. (A.C. at Ex. A, ¶1.) Plaintiff does not assert that it surrendered the Warrant, completed the subscription form, or tendered the required payment. Nor could Plaintiff credibly allege that it did so, as based on the Complaint, Plaintiff appears to have been unaware of the language governing exercise of the Warrant. Plaintiff claims only that Cohen orally informed the Aerielle, LLC board that Plaintiff wanted to "exercise its rights" under the Warrant, and that he made subsequent oral and written requests for the "necessary paperwork" to do so (*id.*, ¶43), but that Aerielle, LLC refused to "acknowledge" these "attempts to exercise the Warrant" (*id.*, ¶44).[3]

The notion that Plaintiff truly required guidance from Aerielle, LLC on how to exercise the Warrant strains credibility, given the very clear language in the Warrant and the fact that Plaintiff is a sophisticated business entity. Even if the allegations are true, however, the Warrant places no obligation on Aerielle, LLC to respond to such requests, nor does it require it to do anything at all in response to an "attempt" to exercise the Warrant. Surrender of the Warrant, execution of the subscription form, and tender of payment are all conditions precedent to any obligation of Aerielle, LLC to tender shares. *See Templeton v. EmCare, Inc.,* 868 F. Supp. 2d 333, 339 (D. Del. 2012) (quoting *Munro v. Beazer Home Corp.*, 2011 Del. C.P. LEXIS 16, at * 4 (Del. C.P. Jun. 23, 2011) ("Under Delaware law, a condition precedent is an 'event that, although not certain to occur, must occur before performance under a contract becomes due.'")). As Plaintiff has not alleged that it complied with any of these conditions precedent, Aerielle, LLC

---

[3] Because the Amended Complaint never alleges that Plaintiff properly exercised the Warrant, the Court may assume that Plaintiff did not do so. *See O'Brien v. DiGrazia,* 544 F. 2d 543, 546 n.3 (1st Cir. 1976) ("[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.").

was never obligated to tender shares, and could not have breached the Warrant. The breach of warrant claim must be dismissed.

### C.    Plaintiff Fails to State Any Claims for Fraud

Plaintiff asserts four claims sounding in fraud all of which, crucially, turn on the allegation that when Aerielle, LLC issued the Warrant to Plaintiff, the Defendants knew that it was worthless because (allegedly) they secretly knew that Aerielle, LLC would not allow Plaintiff to exercise its contractual rights under the Warrant. Specifically, Plaintiff asserts the following claims against Yu, Aerielle, LLC, and Great American:

- Plaintiff asserts a claim under federal securities laws (*id.*, ¶¶28-33) based on the allegation that the Defendants "knew that Aerielle, LLC did not intend to allow Plaintiff to exercise its rights under the Warrant and that the Warrant was therefore worthless to Plaintiff" (*id.*, ¶29) and that they "concealed from Plaintiff their knowledge that the Warrant would never be honored and was therefore worthless" (*id.*, ¶30).

- Plaintiff asserts a claim under the California Corporations Code (*id.*, ¶¶34-40), and alleges that the sale of the Warrant to Plaintiff involved unspecified "untrue statements of material fact" or material omissions, but does not point to any specific misrepresentations to support this claim.

- Plaintiff asserts a claim for promissory fraud (*id.*, ¶¶47-55), again based on the allegations that these three defendants "harbored a secret intention to gain control over the Assets and shares of [Aerielle Technologies]" (*id.*, ¶48) by planning to keep Plaintiff "ignorant of [their] secret intention not to perform" under the Warrant (*id.*, ¶51).

- Finally, Plaintiff asserts a separate claim for rescission of the release it signed in conjunction with the Warrant based on the allegation that the release was procured

through fraud (*id.*, ¶¶56-62); the sole basis for its claim of fraud is that the Defendants "knew at the time the Release was executed that the Warrant would never be exercised" and that "Plaintiff would not have executed the Release had it known the Warrant was worthless" (*id.*, ¶57).

Plaintiff does not point to any alleged misrepresentation by any of the Defendants; it refers only to the three defendants' alleged "secret" intention not to honor the Warrant. These claims must be dismissed for failure to plead fraud with specificity.

### 1. Plaintiff's Fraud Claims Do Not Comply With Rule 9(b) or Rule 12(b)(6)

As an initial (and dispositive) matter, Plaintiff fails to allege that any of the Defendants made a specific misrepresentation concerning the Warrant; it only alleges that some of the Defendants knew that the Warrant would never be honored. The Amended Complaint therefore fails to comply with Rule 9(b), as it does not set forth the "date, place or time" of any alleged fraud. *Lum*, 361 F.3d at 224). Even if the Amended Complaint could be read as alleging that the Warrant itself contains misrepresentations, it was signed only by Aerielle, LLC, and not by Yu in his personal capacity or by Great American in any capacity. (A.C. at Ex. A at 6-7.) Even under this reading of the Amended Complaint, Plaintiff does not point to *any* statements by Yu or Great American that were allegedly untrue, and therefore its fraud claims against those two defendants cannot satisfy the pleading requirements of Rule 12(b)(6), much less Rule 9(b).

If the Amended Complaint did allege that some or all of the Defendants made a specific false statement concerning whether Aerielle, LLC would permit Plaintiff to exercise the Warrant, (which it does not) a complaint alleging fraud based solely on a promise or statement of future intent must "allege[] particularized facts that allow the Court to infer that, at the time the promise was made, the speaker had no intention of keeping it." *Petra Mezzanine Fund, L.P. v. Willis*,

2012 U.S. Dist. LEXIS 156529, at * 5-6 (D. Del. Nov. 1, 2012) (quoting *Microstrategy Inc. v. Acacia Research Corp.,* 2010 Del. Ch. LEXIS 254, at * 59 (Del. Ch. Dec. 30, 2010). As described above, Plaintiff never alleges that it properly exercised the Warrant or made a payment to Aerielle, LLC, and therefore the Amended Complaint lacks any facts—particularized or otherwise—even suggesting that any of the Defendants failed to honor the Warrant, much less harbored a secret intention not to honor it the moment it was signed. For this reason also, all four fraud claims should be dismissed.[4]

Even if Plaintiff had credibly alleged that Aerielle, LLC breached the Warrant, its rights under that document are "wholly contractual." *Aspen Advisors*, 861 A. 2d at 1263. Plaintiff's fraud claims are based solely on the unfounded premise that Defendants knew Aerielle, LLC would not comply with its contractual obligations under the Warrant. However, "a breach of contract claim cannot be 'bootstrapped' into a fraud claim merely by adding the words 'fraudulently induced' or alleging that the contracting parties never intended to perform." *Red Mt. Holdings, Ltd.*, 2001 U.S. Dist. LEXIS 25562, at * 10-11. *See also Frazier v. Am. Airlines, Inc.*, 2004 U.S. Dist. LEXIS 614, at * 13-14 (D. Del. Sept. 30, 2004) (same), *aff'd at* 229 Fed. Appx. 171 (3d Cir. 2007). Delaware law governs the Warrant (A.C. at Ex. A, ¶12), and Delaware courts have consistently held that "couching an alleged failure to comply with a contract as a failure to disclose an intention to take certain actions arguably inconsistent with that contract is 'exactly the type of bootstrapping [a court] will not entertain.'" *Narrowstep, Inc. v. Onstream Media Corp.*, 2010 Del. Ch. LEXIS 250, at * 52 (Del. Ch. Dec. 22, 2010) (quoting

---

[4] For this same reason, Plaintiff's alternate grounds for seeking rescission of the release—that there was no consideration for it because the Warrant would never be executed and was illusory (A.C., ¶60)—can be rejected. There is no credible allegation that Aerielle, LLC never intended to honor the Warrant.

*BAE Sys. N. Am. Inc. v. Lockheed Martin Corp.*, 2004 Del. Ch. LEXIS 119, at * 34 (Del. Ch. Aug. 3, 2004).

> **2.** **Plaintiff's Securities Fraud Claims Do Not Comply With the Pleading Standard Contained in the Private Securities Litigation Reform Act**

Plaintiff's securities fraud claims (A.C., ¶¶28-40) are subject to the Private Securities Litigation Reform Act (the "PSLRA"), which imposes even higher pleading standards than Rule 9(b). The PSLRA requires Plaintiff to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, [to] state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B). As set forth above, Plaintiff does not allege that Yu or Great American made any specific statements about the Warrant (false or otherwise), much less a specific statement that caused Plaintiff to sign the Warrant, and for this reason the securities fraud claims asserted against them should be dismissed.

The PSLRA also requires the Plaintiff to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind" for the fraud claim asserted. 15 U.S.C. § 78u-4(b)(2)(A). Under this "exacting" pleading standard, "any private securities complaint alleging that the defendant made a false or misleading statement must ... state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Institutional Investors Grp. v. Avaya, Inc.*, 564 F. 3d 242, 253 (3d Cir. 2003) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 321 (2007). Even if the Amended Complaint complied with Rule 9(b) (which it does not), the underlying premise that Defendants breached the Warrant agreement were correct (which it is not), and Plaintiff's fraud claims were not simply a repackaged breach of contract claim (which they are), Plaintiff still fails to allege any specific and particular facts which create a strong inference that

Defendants acted intentionally, or with a desire to defraud Plaintiff, when Aerielle, LLC entered into the Warrant.

### D.    Plaintiff Fails to State a Claim for Breach of Fiduciary Duty

Plaintiff also asserts a claim for breach of fiduciary duty against Yu.  (A.C., ¶¶63-68.) This claim is somewhat confusing, as it incorporates the entire Amended Complaint, and states that through all of his "acts and omissions" Yu breached a fiduciary duty that he owed to Plaintiff pursuant to California Civil Code §3294.  (*Id.*, ¶¶65, 68.)  Regardless of which specific allegations Plaintiff has incorporated, this claim should be dismissed because (i) it is the subject of a release, and (2) because Yu did not owe any fiduciary duties to Plaintiff.

To the extent Plaintiff is referring to Yu's alleged actions before the signing of the Warrant and release on April 10, 2009, or is alleging that Yu breached a fiduciary duty to Plaintiff by executing the Warrant (*id.*, ¶¶16-18), Plaintiff released those claims when it signed the Release.  Specifically, Plaintiff released the "Lender Parties" (which include Aerielle, LLC) (Release at 1) and their officers and directors (*id.*) (which include Yu) (*id.* at 5) from:

> all actions, causes of action, suits, debts, accounts, obligations, defenses, offsets, counterclaims, damages, judgments, claims, demands and liabilities of any kind or character whatsoever, known or unknown, suspected or unsuspected, in contract or in tort, in law or in equity, including, without limitation, duress, mistake, usury, tortious interference, negligence, and other matters of any kind whatsoever, that the Aerielle Parties had, have, may have or may in the future have against any one or more of the Lender Parties arising out of, for or by reason of or resulting from or in any way relating to, in whole or in part, directly or indirectly, any past or present act, omission, matter, cause or thing whatsoever… .

(*Id.*, ¶1.)  Although the release contains a carve-out for intentional fraud claims (*id.*), it contains no such exception for corporate law claims under the California Civil Code, or fiduciary duty claims. *See Edge of the Woods v. Wilmington Savings Fund Soc'y*, 2001 Del. Super. LEXIS 304,

at * 11-12 (Del. Sup. Aug. 16, 2001) (dismissing breach of fiduciary duty claim that was subject of a release). Therefore, to the extent this claim relates to any alleged actions by Yu prior to the transfer of Plaintiff's assets to Aerielle, LLC, Plaintiff has released those claims.

To the extent Plaintiff makes specific allegations about Yu that concern conduct that took place *after* the release was signed, it refers solely to alleged actions that Yu took in his capacity as CEO of Aerielle, LLC. Specifically, Plaintiff alleges that "Yu caused **Aerielle, LLC** to issue large payments to himself and his daughter"; "caused **Aerielle, LLC** to give [Yu] a 50% raise in salary"; and "caused **Aerielle, LLC** to pay the substantial bills for overseas shipping costs by and for a third-party entity" that Plaintiff alleges was owned by Yu's friend. (A.C., ¶19) (emphasis added). But Plaintiff has never been a member of Aerielle, LLC; its sole relationship with Aerielle, LLC stemmed from the Warrant, under which it had a contractual right to purchase membership units in the future, providing it properly exercised the Warrant. Again, under Delaware law (which governs the Warrant), this relationship was "wholly contractual [and] the exclusive rights and remedies of warrantholders must appear in the contractual provisions of the Warrants." *Aspen Advisors*, 861 A. 2d at 1263. As a result, "the Delaware Supreme Court has consistently held that directors ***do not owe fiduciary duties to future stockholders***." *Corporate Prop. Assocs. 14 Inc.*, 2008 Del. Ch. LEXIS 45, at * 11-12 (quoting *Feldman v. Cutaia*, 2006 Del. Ch. LEXIS 70, at * 24 (Del. Ch. Apr. 5, 2006) (emphasis added)). These same principles apply to an LLC. *See Opus East, L.L.C. v. Opus, L.L.C.*, 480 B.R. 561, 572 (Bankr. D. Del. 2012) ("the duties owed by fiduciaries are the same whether it be a corporation or limited liability company"). As a holder of a warrant issued by Aerielle, LLC, Plaintiff was not owed fiduciary obligations by the issuing limited liability company, and cannot assert a claim for breach of fiduciary duty based on Yu's alleged actions as CEO of Aerielle, LLC.

**E.      Plaintiff Fails to State a Claim for Tortious Interference**

Plaintiff also asserts a claim for tortious interference with contractual relations (*id.*, ¶¶78-86).  This claim is based on a Revenue Participation Agreement that was signed when Aerielle, LLC allegedly transferred its assets to Aerielle Acquisitions.  (*Id.*, ¶80.)  Plaintiff claims to have an interest in the agreement as a third-party beneficiary (*id.*, ¶81), and alleges that it has been damaged because it has not received any payment as a result of that agreement (*id.*, ¶80).  The gist of Plaintiff's claim is that Great American ordered Yu not to pay Plaintiff any money, even though the companies "generated sufficient net sales and lawsuit proceeds for [Aerielle Acquisitions] to make the required payments… ."  (*Id.*, ¶82.)

Plaintiff does not assert any claims against Aerielle, LLC or Aerielle Acquisitions for breach of contract based on his alleged status as a third-party beneficiary of the Revenue Participation Agreement, even though it alleges it is owed payments under that agreement. Rather, it attempts to pierce both corporate veils and assert these claims against Great American, whom Plaintiff alleges is the sole member of Aerielle, LLC (*id.*, ¶4) and also controls Yu and Aerielle Acquisitions (*id.*, ¶5).  Even if the allegations were true (and they are not), Great American was free to ask that Yu not make certain payments if it believed it was in the companies' best interest.  Under Delaware law, the "affiliate privilege 'shields companies affiliated through common ownership from tortious interference with contract claims when the companies act in furtherance of their shared legitimate business interests.'"  *Travel Syndication Tech., LLC*, 2012 U.S. Dist. LEXIS 73117, at *15.  That doctrine applies when a parent company allegedly interferes with the contract of a subsidiary.  *Id.*   A plaintiff can only overcome that privilege on a motion to dismiss if it "adequately pleads that the defendant 'was motivated by some malicious or other bad faith purpose.'"  *Id.*

Although Plaintiff seeks to avoid the privilege by generally alleging that Great American acted in bad faith and maliciously (A.C., ¶85), mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not state a valid claim. *Twombly*, 550 U.S. at 557. Plaintiff does not assert any facts suggesting that Great American—even if did somehow order Yu not to make payments to Aerielle, LLC—was doing so for any purpose other than protecting the financial health of both businesses. Plaintiff does not allege that any specific amount of "net sales and lawsuit proceeds" were received, nor what amount should have been received such that it was entitled to a pay out; nor does it provide any basis for its assertion that the assets and intellectual property—which lost money for years—suddenly became so profitable that payments should have been distributed to warrantholders not entitled by contract to any such payment.

To the extent Plaintiff believes that Great American's alleged request caused Aerielle, LLC or Aerielle Acquisitions to breach a contract, Plaintiff was certainly free to assert a breach of contract claim against one or both entities. Tellingly, it chose not to do so. If simply alleging that a parent company acted in "bad faith" and "maliciously" were sufficient to state a claim for tortious interference against a parent company when a subsidiary breaches a contract, then every plaintiff would assert similar claims against parent companies in every breach of contract lawsuit. Delaware courts have wisely sought to avoid this result by adopting the "affiliate privilege" doctrine, which protects Great American in this case. For this reason, the tortious interference claim should be dismissed.

### F. Plaintiff Fails to State Claims for Civil Conspiracy, Fraudulent Transfer, Successor Liability or Unjust Enrichment

Plaintiff repackages the above claims into a civil conspiracy claim against Great American, which is based on the same deficient allegations set forth above. Specifically,

plaintiff alleges that Great American either controlled or "conspired with Yu in issuing the illusory Warrant to Plaintiff" (*id.*, ¶70); that it knew the Warrant was illusory when it was issued (*id.*, ¶71); that it was aware of Yu's alleged conduct (*id.*, ¶73); and that as a result it is jointly and severally liable for the actions of the other Defendants (*id.*, ¶77). Plaintiff spends much of the Amended Complaint speculating as to Great American's motives to engage in such a conspiracy. (*Id.*, ¶¶71, 72.) However, Plaintiff agreed that any claims related to these transactions would be governed by Delaware law. Under Delaware law, there is no separate cause of action for civil conspiracy. *Phoenix Canada Oil Co. v. Texaco, Inc.*, 560 F. Supp. 1372, 1388 (D. Del. 1983). Such a claim requires an "underlying wrong." *Id.* As Plaintiff has not stated any claims that comply with Rule 9(b) or Rule 12(b)(6), it has not alleged an underlying wrong, and the civil conspiracy claim should be dismissed.

Plaintiff also asserts other claims that are derivative of the claims set forth above, and they should be dismissed as well. It states a claim for fraudulent transfer (*id.*, ¶¶87-94), alleging that it was a creditor of Aerielle, LLC (*id.*, ¶88), and that the Defendants sought to avoid their alleged obligations to Plaintiff by transferring the assets of Aerielle, LLC to Aerielle Acquisitions (*id.*, ¶91). As set forth above, however, Plaintiff has failed to assert any claims suggesting that any of the Defendants are liable to Plaintiff, or owe Plaintiff any money contractually or as a result of tortious actions, and therefore have not credibly alleged that any transfer damaged Plaintiff in any way.

Plaintiff also asserts a claim for "unjust enrichment" against all of the Defendants (*id.*, ¶¶95-98), but that claim is also based on the alleged "fraudulent, unfair or unconscionable conduct" referenced elsewhere in the Amended Complaint (*id.*, ¶97). As Plaintiff is not entitled to relief on any of its claims based on that conduct, and has not credibly alleged that any of the

Defendants engaged in any fraudulent, unfair or unconscionable conduct, this claim should be dismissed as well.

Finally, Plaintiff's claim for successor liability against Aerielle Acquisitions and Aerielle IP Holdings should be dismissed because, for all of the reasons discussed above, Plaintiff has failed to establish any underlying liability.

**VI.    Conclusion**

The Amended Complaint should be dismissed with prejudice.

<div style="margin-left: 40%;">

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Kevin F. Brady*
Kevin F. Brady, Esquire (Bar No. 2248)
Jill Agro (Bar No. 4629)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
kbrady@eckertseamans.com
jagro@eckertseamans.com
302-574-7412 (Phone)
302-425-0432 (Fax)
*Attorneys for Defendants*

</div>

OF COUNSEL:
Jamie M. Ramsey, Esquire
Benjamin G. Stewart, Esquire
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH  45202
Telephone:  (513) 579-6400
Facsimile:  (513) 579-6457
jramsey@kmklaw.com
bgstewart@kmklaw.com

Dated:  April 15, 2013