```
            IN THE UNITED STATES DISTRICT COURT

            IN AND FOR THE DISTRICT OF DELAWARE

                         - - -

AJZN, INC. f/k/a AERIELLE,    )     Civil Action
INC.,                         )
                              )
         Plaintiff,           )
                              )
    v.                        )
                              )
DONALD YU, et al.,            )
                              )
         Defendants.          )     No. 13-149-GMS

                         - - -

                  Wilmington, Delaware
                 Friday, February 6, 2015
                       11:00 a.m.
                   Telephone Conference

                         - - -

BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.

APPEARANCES:

         PILAR G. KRAMAN, ESQ.
         Young Conaway Stargatt & Taylor, LLP
              -and-
         LAWRENCE J. HILTON, ESQ., and
         KATHLEEN A. DONAHUE, ESQ.
         O'Neil LLP
         (Irvine, CA)

                         Counsel for Plaintiff

         FRANCIS G.X. PILEGGI, ESQ., and
         AIMEE M. CZACHOROWSKI, ESQ.
         Eckert Seamans Cherin & Mellott, LLC
              -and-
         BENJAMIN G. STEWART, ESQ.
         Keating Muething & Klekamp PLL
         (Cincinnati, OH)

                         Counsel for Defendants
```

:59:49

| | | |
|---|---|---|
| :59:49 | 1 | **THE COURT: Good morning, counsel. Who is** |
| :59:52 | 2 | **appearing today for the plaintiff, please?** |
| :59:55 | 3 | **MS. KRAMAN: Good morning, Your Honor. This is** |
| :59:57 | 4 | **Pilar Kraman at Young Conaway. With me on the line is** |
| :00:00 | 5 | **Lawrence Hilton and Kathleen Donahue of O'Neil LLP.** |
| :00:03 | 6 | **THE COURT: Good morning.** |
| :00:06 | 7 | **For the various defendants? Do we have more** |
| :00:08 | 8 | **than one counsel? For instance, Donald Hu?** |
| :00:11 | 9 | **MR. PILEGGI: Good morning, Your Honor. This is** |
| :00:15 | 10 | **Francis Pileggi from Eckert Seamans. We represent all of** |
| :00:19 | 11 | **the defendants. My co-counsel, Aimee Czachorowski, is on** |
| :00:24 | 12 | **the phone, and my co-counsel Ben Stewart is also on the** |
| :00:27 | 13 | **phone as well.** |
| :00:28 | 14 | **THE COURT: Good morning to you all. I won't** |
| :00:30 | 15 | **keep you long. I will fill in the blanks that you left in** |
| :00:33 | 16 | **your proposed scheduling order which dates I find** |
| :00:36 | 17 | **acceptable.** |
| :00:36 | 18 | **And I am going to ask that plaintiff, or whoever** |
| :00:40 | 19 | **prepared this, get it filed by the 13th of the month, if you** |
| :00:44 | 20 | **would.** |
| :00:47 | 21 | **Here are your blanks. We are going to have a** |
| :00:51 | 22 | **pretrial conference beginning at 10:00 a.m. over here at the** |
| :00:55 | 23 | **courthouse on May 2, 2016.** |
| :01:01 | 24 | **Pretrial order will be due close of business,** |
| :01:04 | 25 | **6:00 p.m., April 18, 2016.** |

| | | |
|---|---|---|
| :01:10 | 1 | **Trial will commence 5/23/2016.** |
| :01:16 | 2 | **Now, what I wanted to talk to you about is the** |
| :01:20 | 3 | **form of trial.  There seems to be a difference of view** |
| :01:22 | 4 | **between the parties as to whether there is an entitlement to** |
| :01:26 | 5 | **a jury.  Has anybody demanded a jury in this case?** |
| :01:34 | 6 | **MR. HILTON:  Your Honor, Larry Hilton for the** |
| :01:35 | 7 | **plaintiff.** |
| :01:36 | 8 | **Yes, we did have a jury demand in our complaint.** |
| :01:40 | 9 | **THE COURT:  And, therefore, you believe that** |
| :01:43 | 10 | **this should be a jury.** |
| :01:44 | 11 | **Is there a different view on the other side?** |
| :01:48 | 12 | **MR. STEWART:  Your Honor, yes.  This is Ben** |
| :01:50 | 13 | **Stewart for the defendants.** |
| :01:52 | 14 | **Just as a way of very brief background,** |
| :01:54 | 15 | **originally, this case was filed in California, and was** |
| :01:58 | 16 | **transferred to your Court pursuant to a forum selection** |
| :02:01 | 17 | **clause.  Our position is that in that agreement -- well, the** |
| :02:04 | 18 | **fact is, in that agreement, there is also a waiver of a jury** |
| :02:08 | 19 | **trial.  And our position is that that clause is enforceable.** |
| :02:14 | 20 | **So we would oppose the request for a jury trial.** |
| :02:17 | 21 | **THE COURT:  Why don't you want a jury trial,** |
| :02:21 | 22 | **other than the clause?** |
| :02:26 | 23 | **MR. STEWART:  I would say my client's position** |
| :02:30 | 24 | **is the cost, and it is what they bargained for.  They think** |
| :02:35 | 25 | **it's a more efficient means of resolving the dispute.** |

:02:45  1   **We are happy to brief that at whatever time is**
:02:48  2   **most convenient for Your Honor, whether that be --**
:02:51  3   **THE COURT: I doubt I am going to permit**
:02:53  4   **briefing on this, counsel. With all due respect -- the**
:03:01  5   **other side, why isn't he right, if there is a clause in the**
:03:06  6   **relevant agreement where there has been a waiver, why**
:03:10  7   **doesn't that apply here?**
:03:15  8   **MR. HILTON: Your Honor, we don't believe that**
:03:17  9   **the claims that survived the Court's ruling on the motion to**
:03:19  10  **dismiss were included within the jury trial waiver, number**
:03:25  11  **one. And number two, we question whether the jury trial**
:03:30  12  **waiver was valid anyway.**
:03:32  13  **But primarily, the claims that are going forward**
:03:35  14  **are claims that arose after the agreement was entered into.**
:03:40  15  **We don't believe that they are even covered. We did have a**
:03:43  16  **contract claim based on the contract with the jury waiver.**
:03:48  17  **And the Court granted the motion to dismiss on that. But**
:03:52  18  **the claims that we have that have survived we don't believe**
:03:55  19  **are within the scope of the jury waiver.**
:03:57  20  **THE COURT: That's interesting.**
:03:59  21  **What is the other side, what is your thought on**
:04:02  22  **that? That seems to me to be pretty black and white. Yes?**
:04:06  23  **No?**
:04:09  24  **MR. STEWART: I mean, our position would be that**
:04:13  25  **the same claims that were in the forum selection clause and**

```
:04:19   1    were transferred to your Court were related enough that they
:04:23   2    were subject to the waiver as well.
:04:24   3              THE COURT:  That's sort of just a rather
:04:27   4    conclusory statement.  Why do you say that?
:04:32   5              Let me ask this, with apologies.  I am sure you
:04:36   6    weren't prepared to exactly dig this deep into this issue.
:04:40   7    But on the plaintiff's side, what claims are there that you
:04:44   8    say that have survived, were not contemplated by the clause
:04:50   9    in question?
:04:53  10              MR. HILTON:  Yes, Your Honor.  The claims that
:04:58  11    are remaining in the case are, number one, a breach of
:05:02  12    fiduciary duty claim against Donald Hu.  Donald Hu, number
:05:07  13    one, is not a signatory to the agreement with the jury
:05:13  14    waiver.  Number two, the claim for breach of fiduciary duty
:05:16  15    is based on Donald Hu's position as the CEO of the
:05:22  16    plaintiff.
:05:23  17              So we don't think that the plaintiff's waiver of
:05:28  18    a jury trial for claims against the Great American Life
:05:33  19    Insurance Company would even cover a claim that it has
:05:36  20    against its own CEO for breach of fiduciary duty.  That is
:05:42  21    number one.
:05:43  22              Number two, we have a claim that survives under
:05:45  23    this what we have called an earnout agreement.  The earnout
:05:49  24    agreement didn't even exist until a year or more after the
:05:54  25    transaction with the jury waiver.
```

```
:05:57   1          This was a claim -- it's a right that arose long
:06:01   2   after the jury waiver, and under a completely separate
:06:07   3   agreement that does not have a jury waiver.
:06:11   4          That is No. 2.
:06:12   5          And the other claims that we have are basically
:06:15   6   fraudulent transfer and successor-in-interest claims for
:06:20   7   transfer of this intellectual property that occurred years
:06:24   8   after the agreement was signed to have the jury waiver.
:06:28   9          THE COURT:  Okay.  I am going to conditionally
:06:31  10   schedule this as a jury trial, subject to the possibility of
:06:37  11   later letter-style briefing.  I won't permit full-blown
:06:41  12   briefing on this issue.  And if it is still a live issue,
:06:46  13   you will report that in the proposed final pretrial order,
:06:52  14   obviously, and I will likely, if I don't feel able to
:06:57  15   resolve it simply on review of relevant case law, let you do
:07:04  16   some letter briefing on the point.
:07:06  17          But that's the way I will leave things stand at
:07:10  18   this point.  Okay?
:07:13  19          (Counsel respond "Thank you.")
:07:16  20          THE COURT:  And I see you included a sentence
:07:22  21   referring this matter to a Magistrate Judge.  Let me just
:07:27  22   take a look at this one paragraph, hold on, that I have
:07:30  23   bracketed.  Hold on, please, just a second.
:07:32  24          (Pause.)
:07:39  25          Let me ask this question.  I am going to take us
```

Page 7

| Time | # | Text |
|---|---|---|
| :07:43 | 1 | off the record for a moment. |
| :14:31 | 2 | (Discussion off the record.) |
| :14:32 | 3 | THE COURT: We were just off the record talking |
| :14:33 | 4 | about the prospects for settlement. The Court has offered |
| :14:38 | 5 | to lend an assist if the parties believe it would be helpful |
| :14:43 | 6 | relative to third-party agreements to institute an order or |
| :14:47 | 7 | execute an order directing defendant to turn over the |
| :14:52 | 8 | information that plaintiff and defendant agree would be |
| :14:55 | 9 | critical to the amicable resolution of the problem. |
| :14:59 | 10 | It just seems kind of obvious that that should |
| :15:02 | 11 | be done. I look forward to that happening ASAP, counsel. |
| :15:09 | 12 | Okay? |
| :15:13 | 13 | (Counsel respond "Thank you.") |
| :15:15 | 14 | THE COURT: Anything else? |
| :15:20 | 15 | MR. HILTON: Not from the plaintiff's side, Your |
| :15:23 | 16 | Honor. |
| :15:23 | 17 | MR. STEWART: Nothing from the defendants, Your |
| :15:23 | 18 | Honor. |
| :15:25 | 19 | THE COURT: Have a good weekend, counsel. |
| :15:27 | 20 | (Conference concluded at 11:15 a.m.) |
| :15:27 | 21 | - - - |
| :15:27 | 22 | Reporter: Kevin Maurer |