IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AJZN, INC., A California corporation, formerly known as AERIELLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> DONALD YU, AERIELLE, LLC, GREAT, AMERICAN LIFE INSURANCE COMPANY, AERIELLE TECHNOLOGIES, INC., AERIELLE IP HOLDINGS, LLC, and AERIELLE ACQUISITIONS CORPORATION, <br><br> Defendants. | Civil Action No. 13-149-GMS |

## ORDER

At Wilmington, this 21st day of April, 2016, having considered the Motion for Summary Judgment (D.I. 87)[1] filed by the defendants Donald Yu ("Yu"), Aerielle, LLC ("Aerielle, LLC"), Great American Life Insurance Company ("GALIC"), Aerielle Technologies, Inc. ("ATI"), Aerielle Acquisitions Corporation ("Aerielle Acquisition"), and Aerielle IP Holdings, LLC ("Aerielle IP Holdings") (collectively, the "Defendants"), the parties' submissions in connection with this motion (D.I. 88; D.I. 95; D.I. 103), and the applicable law;

---

[1] On June 28, 2012, the plaintiff AJZN, Inc. ("AJZN") filed this lawsuit against the Defendants. (D.I. 1.) On March 15, 2013, AJZN filed an Amended Complaint. (D.I. 36.) On April 15, 2013, the Defendants filed a motion to dismiss for failure to state a claim (D.I. 38), which this court granted as to Counts 1, 2, 3, 4, 5, 7, and 10 (in part), and denied as to Counts 6, 8, 9, 10 (in part), and 11. (D.I. 51). AJZN is no longer pursuing Counts 9 and 11. (*See* D.I. 95 at 1 n.1.) Thus, the remaining claims are Count 6 against Yu and Count 10 against Yu and GALIC. AJZN does not seek a double recovery against Yu, but asserts both Count 10 and Count 6 in the event that Count 6 is dismissed. (D.I. 95 at 18 n.11.)

IT IS HEREBY ORDERED that the Defendants' motion (D.I. 87) is DENIED because there are disputes regarding material facts, which raise genuine issues for trial.[2]

---

[2] Under Federal Rule of Civil Procedure 56(a), ("[T]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact . . . ."). Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). A fact is material if it "could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). There is a genuine issue "if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* When determining whether a genuine issue of material fact exists, the district court must view the evidence in a light most favorable to the nonmoving party and draw inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

The Defendants assert that summary judgment is appropriate on Count 6 for several reasons. First, Yu owed no fiduciary duties to AJZN after April 10, 2009, when he resigned as CEO. (D.I. 88 at 11). AJZN responds that the Defendants misunderstand the relevance of Yu's conduct after the closing of the 2009 Asset Sale. (D.I. 95 at 16.) "Yu's after-the fact conduct does not mean Plaintiff is claiming Yu owed a continuing fiduciary duty to AJZN, as the Defendants assert. Rather, his later conduct is relevant to show his state of mind at and before the closing of the transaction." (*Id.*) The court agrees with AJZN. Under California law, "knowledge of . . . the intention not to perform as represented may be inferred from the subsequent conduct of the representer." *Twomey v. Mitchum, Jones & Templeton, Inc.*, 262 Cal. App. 2d 690, 711, 69 Cal. Rptr. 222, 237 (1968). Here, Yu's conduct after the 2009 Asset Sale may be considered as evidence of his earlier intentions.

The Defendants also argue that the plaintiff cannot prove that Yu violated a fiduciary duty by committing fraud and therefore they are entitled to summary judgment because Yu's conduct is subject to the Release. (D.I. 88 at 11.) The Defendants mischaracterize the court's previous ruling. The court dismissed Count 1, Count 2, Count 4 and Count 5 on grounds that they were insufficiently pled under the respective statutes, but did not address the claims of fraud on the merits. (*See* D.I. 51 at 4-13, 16-19.) In addition, the court held that to the extent AJZN could prove a violation of fiduciary duty under Civil Code § 3294, it was not subject to the Release because fraud is a core element of a § 3294 claim. (D.I. 51 at 21.) Similarly, the Release does not bar the unjust enrichment claim, which is based upon the same alleged underlying fraudulent conduct. (D.I. 95 at 18.)

Next, AJZN argues that AJZN's claims based upon fraud alleged to have been committed in April 2010 are barred by a three-year statute of limitations. (D.I. 88 at 12-13, 19); 10 Del. C. § 8106(a). The plaintiffs respond that a cause of action for breach of fiduciary duty sounding in fraud is subject to the discovery rule. (D.I. 95 at 16-17.) AJZN contends that it did not discover, and could not have discovered, Yu's undisclosed intention not to honor the Warrant until at least mid-2010 because the Warrant had a "Vesting Date" of April 10, 2010. (D.I. 95 at 17.) The court agrees that the statute of limitations began to run after AJZN's rights under the Warrant vested and it became clear that Yu would not honor the terms of the warrant. *See April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 827 (1983) ("[i]t is well-settled that the discovery rule applies to causes of action involving the breach of a fiduciary relationship").

The Defendants have offered no rationale to support their contention that Count 6 should be summarily dismissed. In addition, genuine issues of material fact remain in dispute as to whether there was a breach of fiduciary duty. AJZN has adduced evidence that Yu was in a conflicted position as CEO for AJZN and Aerielle, LLC and that Yu never intended to honor the Warrant. Instead, according to AJZN, Yu attempted to wipe out the value of the Warrant to prevent AJZN from exercising its rights. (D.I. 95 at 15.) Finally, while the Defendants argue that AJZN cannot prove damages (D.I. 103 at 5), this

The defendants Aerielle, LLC, Aerielle Technologies, Inc., Aerielle Acquisitions Corporation, and Aerielle IP Holdings, LLC are DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

---

issue is also disputed by AJZN who argues that it was damaged when it could not exercise the Warrant. (D.I. 95 at 18.)

With regard to Count 10, the Defendants argue that AJZN has failed to establish the elements of an unjust enrichment claim. To make out an unjust enrichment claim, the plaintiff must demonstrate: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *Resnik v. Woertz,* 774 F. Supp. 2d 614, 633 (D. Del. 2011); quoting *Jackson Nat'l Life Ins. Co. v. Kennedy,* 741 A.2d 377, 393 (Del. Ch. 1999). The Defendants contend that AJZN fails to prove an enrichment or impoverishment. The court, however, finds that issues of material fact remain in dispute as to whether GALIC was enriched and AJZN was impoverished. (D.I. 95 at 18.) Next, the Defendants argue that AJZN has failed to establish the absence of a remedy provided by law. (D.I. 103 at 8-9). AJZN responds that it lacked a "legal claim against GALIC because it was not directly a party to the Warrant or the 2009 Asset Sale, but benefitted indirectly by the enrichment of Aerielle, LLC of which it owned 100% of the issued membership units." (D.I. 95 at 18.) The Defendants point out that AJZN's legal remedy was to bring a claim against Aerielle, LLC for the breach of the Warrant. (D.I. 103 at 8-9.) The court does not agree that AJZN's rights are governed exclusively by the Warrant. *Tolliver v. Christina Sch. Dist.,* 564 F. Supp. 2d 312, 316 (D. Del. 2008). Third, the Defendants argue that AJZN cannot show that the Defendants' actions were unjustified. (D.I. 103 at 9-10.) AJZN asserts that GALIC's and Yu's enrichment was unjust because it was based on an undisclosed intent not to honor the Warrant and Yu's breach of his fiduciary duty. (D.I. 95 at 18.) As previously discussed, the facts underlying the resolution of these issues are still in dispute.

The court finds, based on its review of the parties' submissions and the cited record, that material facts remain in dispute. Thus, summary judgment is not appropriate at this stage.

3